972 F.2d 1346
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Felipe MORA-RIVAS, Defendant-Appellant.
 No. 91-30266.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 21, 1992.*
Decided Aug. 25, 1992.
 
 Before EUGENE A. WRIGHT, BEEZER and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Mora-Rivas appeals his conviction and sentence following his guilty plea for conspiracy to distribute controlled substances in violation of 21 U.S.C. § 846. We affirm.
 
 
 3
 * Police arrested Mora-Rivas for his involvement in a heroin ring. He pleaded guilty to one count of conspiracy. In return, the government agreed to recommend either a sentence of 80 months or the low end of the applicable Guidelines range as determined by the presentence report, whichever was higher. The plea agreement did not discuss Mora-Rivas' leadership role in the conspiracy. The presentence report determined that this leadership role justified a two-level increase. The court agreed with the report and added two points to the offense level. Mora-Rivas moved to withdraw his plea, asserting the increase violated the plea agreement. The court denied the motion to withdraw and imposed a sentence of 115 months.
 
 II
 
 4
 Mora-Rivas' court-appointed counsel filed a brief on appellant's behalf pursuant to Anders v. California, 386 U.S. 738 (1967). Under Anders, an appellate defense attorney who concludes, after a conscientious review of the record, that the appeal is wholly without merit must so advise the court and request permission to withdraw. "That request must, however, be accompanied by a brief referring to anything in the record that might arguably support the appeal." Id. at 744; cf. United States v. Griffy, 895 F.2d 561, 562 (9th Cir.1990) (brief insufficient if merely states that defendant's arguments have no merit). Defense counsel has followed those steps.
 
 
 5
 Counsel's brief raises the issues he believed Mora-Rivas wished to raise on appeal. It presents the appellant's contention that he should have been allowed to withdraw his guilty plea. It also challenges the court's imposition of a two-level increase for leadership, and its consideration of the non-delivered eight ounces of heroin in calculating the offense level. Defense counsel informed the court that these issues were not meritorious. He asked that he be allowed to withdraw as counsel.
 
 
 6
 In an order on March 18, 1992, the court referred counsel's withdrawal motion to this panel and advised Mora-Rivas that he could file a pro se supplemental brief raising any issues he wished us to consider. Mora-Rivas did not file such a brief.
 
 
 7
 Our independent review of the record pursuant to Penson v. Ohio, 488 U.S. 75, 82-83 & n. 6 (1988), reveals that this appeal is wholly without merit.
 
 
 8
 a.
 
 
 9
 Mora-Rivas alleges that he should be allowed to withdraw his plea because the government breached the plea agreement when it recommended that he receive a two-level increase for leadership, an item not mentioned in the agreement. Rule 32(d) provides that before sentence is imposed, "the court may permit withdrawal of the plea upon a showing by the defendant of any fair and just reason." The defendant has no "right" to withdraw his plea. United States v. Rios-Ortiz, 830 F.2d 1067, 1069 (9th Cir.1987). This plea agreement was not breached. It provided that the presentence report would be the basis for the sentence if the report recommended a higher offense level. Because Mora-Rivas did not demonstrate a "fair and just reason" to withdraw his plea, the court did not abuse its discretion when it refused to allow him to do so.
 
 
 10
 b.
 
 
 11
 Mora-Rivas contends that his sentence must be set aside because the district court erred when it included eight ounces of heroin in computing his base offense level. Under Guidelines section 2D1.4 and its commentary, the offense level for a conspiracy is determined by the amount of controlled substance that a defendant conspired to sell rather than the amount ultimately sold. See United States v. Alvarez-Cardenas, 902 F.2d 734, 736 (9th Cir.1990). The court correctly included the heroin that had been negotiated, but not delivered, in its calculation of the offense level.
 
 
 12
 c.
 
 
 13
 Mora-Rivas argues that the court erred when it found that he was an "organizer or leader" under Guidelines section 3B1.1(c). In so finding, the court incorporated by reference the reasons given in the presentence report. The report characterized Mora-Rivas as an organizer because he negotiated the price of the substance, and coordinated the procurement and distribution of heroin. He also directed others to make the deliveries. Substantial evidence supports the court's determination that Mora-Rivas was an organizer of this conspiracy, and warrants a two-level increase under Guidelines section 3B1.1(c).
 
 
 14
 We AFFIRM the judgment and GRANT Mr. Lynch's motion to withdraw.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3