976 F.2d 738
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Frank Edward GEGAX, Defendant-Appellant.
 No. 91-10477.
 United States Court of Appeals, Ninth Circuit.
 Submitted Sept. 15, 1992.*
Decided Sept. 17, 1992.
 
 Before GOODWIN, D.W. NELSON and REINHARDT, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Frank Edward Gegax appeals his sentence of 144 months under the United States Sentencing Guidelines ("Guidelines"), following a guilty plea, for conspiracy to distribute or possess with intent to distribute marijuana plants and marijuana in violation of 21 U.S.C. §§ 841(a)(1) and 846, and money laundering in violation of 18 U.S.C. § 1956(a)(1)(A)(i). Pursuant to Anders v. California, 386 U.S. 738 (1967), Gegax's counsel filed a brief which identified two possible issues for review: (1) whether the fine provisions of the Guidelines are contrary to statutory authority and (2) whether the district court abused its discretion by imposing a fine on the defendant because his prison earnings will be needed by his family. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.[1]
 
 
 3
 The government contends that Gegax waived his right to appeal his sentence pursuant to a negotiated plea agreement.[2] We agree. Because the district court imposed a 144-month term of imprisonment, consistent with the plea agreement, and there is no claim that the guilty plea was not knowing and voluntary, Gegax waived his right to appeal. See United States v. Bolinger, 940 F.2d 478, 480 (9th Cir.1991); United States v. Navarro-Botello, 912 F.2d 318, 322 (9th Cir.1990), cert. denied, 112 S.Ct. 1488 (1992). Moreover, Gegax did not contest the fine below. See United States v. Mondello, 927 F.2d 1463, 1468 (9th Cir.1991) (generally this court declines to address an issue raised for the first time on appeal). Therefore, we do not reach the merit's of Gegax's claim and relieve counsel.[3]
 
 
 4
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, we deny Gegax's request for oral argument
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Our independent review of the record pursuant to Penson v. Ohio, 488 U.S. 75, 83 (1988), discloses no other issues for review
 
 
 [2]
 The plea agreement contained the following two relevant provisions:
 
 
 [3]
 Agreements Regarding Sentencing
 Pursuant to Fed.R.Crim.P. 11(e)(1)(C) the United States and the defendant stipulate and agree that the following is an appropriate disposition of this case: (a) That the defendant should receive no more than twelve (12) years imprisonment and not less than ten (10) years imprisonment.... [T]he United States will recommend that the defendant be sentenced to twelve (12) years imprisonment.... (b) A fine, if any, will be determined by the court.
 ....
 Waiver of Defenses and Appeal Rights
 Defendant hereby waives any right to raise and/or appeal and/or file any post-conviction writs of habeas corpus or coram nobis concerning any and all motions, defenses, probable cause determinations, and objections which defendant has asserted or could assert to his prosecution or to the court's entry of judgment against defendant and imposition of sentence upon defendant consistent with this agreement. The defendant and the United States reserve those appellate rights set forth in Title 18, United States Code, Section 3742.
 Plea Agreement at 6(a)-8.
 
 
 [3]
 Although counsel did not file a motion to withdraw, we relieve him. See United States v. Griffy, 895 F.2d 561, 563 (9th Cir.1990) (submission of appeal vacated pending counsel's proper review of the record pursuant to Anders and request for permission to withdraw)