5 F.3d 542
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Andre MANNING, Defendant-Appellant.
 No. 91-50143.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 8, 1993.
Submission Vacated June 17, 1993.
Resubmitted Aug. 23, 1993.*
Decided Aug. 31, 1993.
 
 Appeal from the United States District Court for the Central District of California; No. CR-90-624-WMB-1, William Matthew Byrne, District Judge, Presiding.
 C.D.Cal.
 AFFIRMED.
 Before: PREGERSON, BRUNETTI and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Appellant Andre Manning ("Manning") timely appeals from his conviction, after a jury verdict, of five counts of conspiracy to distribute, possession with intent to distribute, and distribution of cocaine base in violation of 21 U.S.C. Secs. 846 and 841(a)(1). Manning's appointed counsel, Michael J. Brennan, moved to withdraw and filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), stating he could find no arguable issues for review. This court vacated submission, and pursuant to United States v. Griffy, 895 F.2d 561 (9th Cir.1990), ordered counsel to file a supplemental Anders brief.[1] Counsel's supplemental brief identifies one possible issue for review: that the evidence at trial was insufficient to sustain Manning's convictions because it did not establish that there was an agreement between Manning and his alleged co-conspirator to distribute narcotics or that Manning had any ownership interest or control over the narcotics which were distributed. We have jurisdiction pursuant to 18 U.S.C. Sec. 3231, and we grant counsel's motion to withdraw and affirm the judgment of the district court.[2]
 
 
 3
 The government presented the testimony of DEA agents who participated in two separate purchases of cocaine base from Manning on May 27, and June 9, 1988. Negotiations regarding these purchases took place between agents and Manning's co-defendant, Brian Collins. DEA Agent Phillip Jefferson testified that on May 27, 1988, he arrived as scheduled at a Chevron gas station in Los Angeles. Collins arrived later and asked Agent Jefferson to follow him to another location to pick up the cocaine. However, Jefferson told him he preferred to wait at the gas station. Collins left in his car, and shortly thereafter, Manning arrived driving a burgundy Honda. Manning asked Jefferson if he had seen Collins, and Jefferson replied that Collins would be right back. Manning drove out of the gas station and returned shortly with Collins in the passenger seat. Manning motioned to Jefferson, who walked over to the driver's side window of the Honda. Manning handed Jefferson a white plastic bag containing six smaller bags of cocaine base and Jefferson handed him $3300. Manning counted the money and he and Collins drove away.
 
 
 4
 Agent Jefferson testified further that on June 9, 1988, he went to the same Chevron station and Manning and Collins arrived later with Manning driving a gold car. They motioned for Jefferson to follow, and drove to a small apartment house where Manning went inside. Manning came out of the apartment house, walked over to Agent Jefferson's car, leaned in the passenger's window and handed Jefferson another white plastic bag containing six smaller bags of cocaine base. Jefferson paid Manning $3300, and Manning and Collins walked back into the apartment house.
 
 
 5
 This evidence was sufficient to sustain Manning's convictions under 21 U.S.C. Secs. 846 and 841(a)(1). United States v. Bishop, 959 F.2d 820, 829 (9th Cir.1992). The cases cited in appellant's supplemental brief are not analogous to the instant case. In United States v. Barnett, 468 F.2d 1153, 1154 (9th Cir.1972) and United States v. Wilson, 657 F.2d 755, 760 (5th Cir.1981), cert. denied, 455 U.S. 951 (1982), neither defendant ever handled the drugs at issue. In United States v. Batimana, 623 F.2d 1366, 1369 (9th Cir.) cert. denied, 449 U.S. 1038 (1980), the court found the evidence was insufficient to establish possession, although there was testimony that one of the defendants had tried to put his hand in a bag of marijuana that had been delivered to a co-defendant. In contrast, there was testimony in this case that Manning personally handed over cocaine base in exchange for money.
 
 
 6
 MOTION TO WITHDRAW GRANTED and JUDGMENT AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Appellant was notified that he could file a supplemental brief identifying issues for review and has not done so
 
 
 [2]
 Our independent review of the record pursuant to Penson v. Ohio, 488 U.S. 75 (1988), discloses no other issues for review