**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Melecio ALDANA–ORTIZ, Defendant–Appellant.**

**No. 91–50664.**

United States Court of Appeals, Ninth Circuit.

Submitted Aug. 11, 1993 *.

Decided Sept. 23, 1993.

Robert Carriedo, Chula Vista, CA, for defendant-appellant.

Bruce R. Castetter, Asst. U.S. Atty., San Diego, CA, for plaintiff-appellee.

Before: PREGERSON, BRUNETTI and RYMER, Circuit Judges.

PER CURIAM:

Melecio Aldana–Ortiz appeals his 33–month sentence following a conditional guilty plea to importation of marijuana in violation of 21 U.S.C. §§ 952, 960.

Pursuant to *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), Aldana–Ortiz's counsel submitted a supplemental brief which identifies one possible issue for review: whether the district court erred by failing to award Aldana–Ortiz an

additional one-level downward adjustment in his offense level under U.S.S.G. § 3E1.1(b)(2) for timely entry of a guilty plea.[1] Counsel also filed a motion to withdraw as counsel of record. We have jurisdiction under 28 U.S.C. § 1291, and we affirm the sentence.

■■■ We review de novo the district court's application of the United States Sentencing Guidelines. *United States v. Carvajal,* 905 F.2d 1292, 1294 (9th Cir.1990). A district court applies the Guidelines that " 'are in effect on the date the defendant is sentenced.' " *United States v. Robinson,* 958 F.2d 268, 272 (9th Cir.1992) (quoting 18 U.S.C. § 3553(a)(4) and (5)). Substantive amendments to the Guidelines that occur between the date of sentencing and the resolution of an appeal have no retroactive effect, *United States v. Mooneyham,* 938 F.2d 139, 140 (9th Cir.), *cert. denied,* —— U.S. ——, 112 S.Ct. 443, 116 L.Ed.2d 461 (1991), unless specifically referenced in U.S.S.G. § 1B1.10(d), U.S.S.G. § 1B1.10(a); *United States v. Wales,* 977 F.2d 1323, 1327 (9th Cir.1992).

Here, Aldana–Ortiz was sentenced on September 9, 1991. At that time, the Guidelines provided for a two level downward adjustment in a defendant's offense level "[i]f the defendant clearly demonstrates a recognition and affirmative acceptance of personal responsibility for his criminal conduct." U.S.S.G. § 3E1.1(a) (Nov. 1990). Pursuant to a plea agreement, Aldana–Ortiz and the government agreed that Aldana–Ortiz merited a two-level downward adjustment for acceptance of responsibility.

■■■ Effective November 1, 1992, the Guidelines were amended to provide for an additional one-level downward adjustment to the offense level where the defendant's offense level prior to any adjustment for acceptance of responsibility is greater than 16, the defendant assists authorities in investigation

---

**1.** On March 30, 1993, we ordered the *Anders* brief filed in this case stricken and required counsel to file a replacement brief because the initial brief submitted to this court failed to meet the standards for *Anders* briefs as set out in *United States v. Griffy,* 895 F.2d 561 (9th Cir. 1990). Counsel's original brief noted three potential grounds for appeal: (1) a violation of law in imposition of sentence; (2) abuse of discretion in imposition of sentence; and incorrect application of the United States Sentencing Guidelines;

and (3) incorrect application of the Guidelines. Issues (2) and (3) are apparently subsumed within the argument counsel raised in the supplemental brief. Issue number (1) is not addressed in the supplemental brief. Our independent review of the record pursuant to *Penson v. Ohio,* 488 U.S. 75, 83, 109 S.Ct. 346, 351, 102 L.Ed.2d 300 (1988), however, discloses no issues for review not raised in counsel's supplemental *Anders* brief.

or prosecution of the offense, and the defendant notifies authorities of his intention to enter a guilty plea in time to permit the government to avoid preparing for trial. U.S.S.G. § 3E1.1(b) and (b)(2) (Nov. 1992); U.S.S.G.App. C, amend. 459 (Nov. 1992).

Amendment 459, which implemented the change in section 3E1.1, is not listed in U.S.S.G. § 1B1.10(d) (Nov. 1992). Furthermore, this change in the Guidelines is clearly substantive and thus not retroactive, providing as it does for a possible three-level downward adjustment in offense level rather than the two levels previously authorized under earlier versions of the Guidelines.[2] *See Mooneyham*, 938 F.2d at 140–41 (amendment to Guidelines permitting career offenders to receive adjustment for acceptance of responsibility not retroactive where adjustment not previously authorized by law). Therefore, the benefit of section 3E1.1(b)(2) is unavailable to Aldana–Ortiz. *See Wales*, 977 F.2d at 1327–28 (remanding, but not vacating, sentence for district court to consider adjusting sentence pursuant to retroactively applied amendment to Guidelines).

The motion of counsel to withdraw is **GRANTED** and the sentence is **AFFIRMED**.

**2.** In reaching this conclusion, we join the four other circuits that have already ruled on this issue. *See United States v. Avila*, 997 F.2d 767, 768 (10th Cir.1993); *United States v. Dowty*, 996 F.2d 937, 938–39 (8th Cir.1993); *DeSouza v. United States*, 995 F.2d 323, 324 (1st Cir.1993); *United States v. Caceda*, 990 F.2d 707, 710 (2nd Cir.1993).