15 F.3d 1094
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 UNITED STATES of America, Plaintiff-Appellant,
v.
James Dale VENCILL, Defendant-Appellee.
 No. 93-10422.
 United States Court of Appeals, Ninth Circuit.
 Submitted Jan. 4, 1994.*
Decided Jan. 11, 1994.
 
 Before: REINHARDT, O'SCANNLAIN and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 The United States appeals the district court's grant of James Dale Vencill's 18 U.S.C. Sec. 3852(c) motion for modification of his sentence because of a favorable post-sentencing amendment to the United States Sentencing Guidelines. The government contends the district court erred by reducing Vencill's sentence pursuant to a November 1, 1992 amendment to U.S.S.G. Sec. 3E1.1 because the amendment was not retroactively applicable. We have jurisdiction under 28 U.S.C. Sec. 1291, and we vacate and remand.
 
 
 3
 We review de novo the district court's application of the Guidelines. United States v. Aldana-Ortiz, 6 F.3d 601, 602 (9th Cir.1993).
 
 
 4
 Pursuant to 18 U.S.C. Sec. 3582(c), the district court "may not modify a term of imprisonment once it has been imposed except" where a subsequent amendment to the Guidelines has lowered the applicable sentencing range and "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. Sec. 3582(c), (c)(2).
 
 
 5
 Vencill, who was convicted and sentenced for various drug-related offenses in 1990, based his section 3582(c) motion on an amendment to the Guidelines which took effect on November 1, 1992. This amendment, number 459, created a provision permitting an additional one level reduction in the offense level of a defendant who accepts responsibility in a particularly timely fashion or who provides complete information to the government regarding his involvement in the offense of conviction. U.S.S.G. Sec. 3E1.1(b) (Nov. 1992). The district court concluded that Amendment 459 was retroactively applicable to Vencill and modified his sentence.
 
 
 6
 Subsequent to the district court's decision, we held that this amendment to the Guidelines is not retroactively applicable because the Guidelines do not specifically identify it as such and because it is "clearly substantive." See Aldana-Ortiz, 6 F.3d at 603.
 
 
 7
 Vencill's attempts to distinguish the instant case from Aldana-Ortiz are unavailing. Vencill propounds various theories as to why the Sentencing Commission would not specifically designate Amendment 459 as retroactive, but which would not prevent retroactive application of that amendment. These arguments ignore our explicit holding in Aldana-Ortiz that the benefit of this substantive amendment is not available to defendants sentenced before November 1, 1992. See id.
 
 
 8
 Because the amendment to section 3E1.1 upon which Vencill based his motion is not retroactively applicable, the district court did not have authority under section 3582(c)(2) to modify Vencill's sentence. See 18 U.S.C. Sec. 3582(c), (c)(2). Accordingly, the order modifying Vencill's sentence is vacated and this case is remanded to the district court for further proceedings consistent with this opinion.
 
 
 9
 VACATED AND REMANDED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34 4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Circuit R. 36-3