24 F.3d 246
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Craig Daniel GONZALES, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 93-55988.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 11, 1994.*
Decided May 18, 1994.
 
 Before: HUG, D.W. NELSON, and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Craig Daniel Gonzales, a federal prisoner, appeals pro se the district court's denial of his 28 U.S.C. Sec. 2255 petition. On March 5, 1990, Gonzales pled guilty to bank robbery in violation of 18 U.S.C. Sec. 2113(a) and on June 4, 1990 was sentenced to 72 months imprisonment. He contends the district court erred by denying his claims that: (1) he should receive a three point downward adjustment for acceptance of responsibility under the November 1, 1992 Amendment to the Sentencing Guidelines; (2) his criminal history category V rating grossly overstated the seriousness of his past conduct; (3) his drug and alcohol abuse warranted a downward departure based on diminished capacity; and (4) his counsel was ineffective for failing to (a) argue for a diminished capacity downward departure and (b) file a notice of appeal. We have jurisdiction under 28 U.S.C. Sec. 2255. We review de novo, United States v. Angelone, 894 F.2d 1129, 1130 (9th Cir.1990), and affirm in part and vacate in part.
 
 
 3
 The district court denied Gonzales's claim that under the November 1, 1992 Amendment to the Sentencing Guidelines he should receive a three point reduction for acceptance of responsibility because (1) the amendment which Gonzales refers to, U.S.S.G. Sec. 3E1.1, is not among those amendments to be given retroactive effect listed in U.S.S.G. Sec. 1B1.10, and (2) in any event would be unwarranted as Gonzales pled guilty only one day prior to trial. The district court properly denied this claim. See United States v. Aldana-Ortiz, 6 F.3d 601, 603 (9th Cir.1993).
 
 
 4
 Gonzales contends his criminal history category V rating grossly overstated the seriousness of his past conduct. See U.S.S.G. Sec. 4A1.3. The district court denied this claim as heard and rejected at sentencing. Gonzales does not dispute that he committed the priors, but instead argues that the judgments of conviction grossly overstate the conduct underlying those convictions. It is clear from the sentencing transcript that the sentencing judge understood she had the discretion to depart, but chose not to after finding that Gonzales's criminal history was not overstated. The district court's refusal to depart downward is not subject to review. See United States v. Reyes-Alvarado, 963 F.2d 1184, 1189 (9th), cert. denied, 113 S.Ct. 258 (1992).
 
 
 5
 Gonzales contends his drug and alcohol abuse warranted a downward departure based on diminished capacity. The district court properly denied this claim on the grounds that the Sentencing Guidelines expressly provide that neither a defendant's drug or alcohol dependence nor his diminished capacity due to the voluntary use of drugs or alcohol constitute grounds for departure. See U.S.S.G. Secs. 5H1.4, 5K2.13.
 
 
 6
 Because the Guidelines do not permit a downward departure based on diminished capacity, counsel was not ineffective for failing to argue for it. Consequently, we affirm the district court's denial of this aspect of Gonzales's ineffective assistance claim. See Strickland v. Washington, 466 U.S. 668, 700 (1984).
 
 
 7
 In district court, the government opposed Gonzales's section 2255 motion, arguing that Gonzales was foreclosed from raising his claims due to his failure to appeal. In his reply brief in district court, Gonzales argued that because he wanted counsel to file an appeal but counsel refused to do so, Gonzales should not be foreclosed from raising his claims due to his failure to appeal. The district court read this argument as an independent claim for ineffective assistance of counsel and denied it because Gonzales had failed to substantiate his claim that counsel refused to file a notice of appeal. We disagree with this reading of Gonzales's reply brief. Gonzales expressly stated that the sentencing court's failure to reduce appellant's criminal history category was the gravamen of his motion, not ineffective assistance of counsel. Gonzales has not raised any independent claim for ineffective assistance of counsel on the basis of counsel's purported refusal to file a notice of appeal; accordingly, we vacate the district court's order to the extent it finds to the contrary.[1] We otherwise affirm the district court's judgment in its entirety.
 
 
 8
 AFFIRMED in part and VACATED in part.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 On appeal, appended to his reply brief, Gonzales submits a letter from counsel suggesting that Gonzales requested that counsel file a notice of appeal but counsel refused to do so. The government has moved to strike the reply brief because it presents evidence not presented to the district court. Because we decline to address the claim that counsel was ineffective for refusing to file a notice of appeal on the grounds that Gonzales never raised this claim in district court, we deny the government's motion as moot