28 F.3d 110
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Miguel A. ZUNIGA-CAMARENA, Defendant-Appellant.
 Nos. 92-10137, 93-10030.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 21, 1994.d
Decided July 7, 1994.
 
 Before: TANG, PREGERSON and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 In these consolidated appeals, Miguel A. Zuniga-Camarena appeals his conviction following entry of a guilty plea, his 120-month sentence, and the district court's denial of his 18 U.S.C. Sec. 3582(c) motion for modification of sentence because of a favorable post-sentencing amendment to the United States Sentencing Guidelines. Zuniga-Camarena was convicted of conspiracy to possess with intent to distribute cocaine in violation of 21 U.S.C. Secs. 841(a)(1), 846.
 
 
 3
 Pursuant to Anders v. California, 386 U.S. 738 (1967), Zuniga-Camarena's counsel filed a request to withdraw as counsel of record and submitted a brief identifying one potential issue for review: Zuniga-Camarena was entitled to retroactive application of a November 1, 1992 amendment to U.S.S.G. Sec. 3E1.1 which provided for an additional one-level reduction in a defendant's offense level for particularly timely or complete acceptance of responsibility. Zuniga-Camarena filed a supplemental pro se brief contending he was entrapped into committing the instant offense and that his sentence was disproportionately severe compared to that received by his codefendant. We have jurisdiction under 28 U.S.C. Sec. 1291, and we grant counsel's request to withdraw and affirm both the conviction and sentence.
 
 
 4
 Zuniga-Camarena's argument regarding retroactive application of the November 1992 amendment to section 3E1.1 is foreclosed by our recent decision in United States v. Aldana-Ortiz, 6 F.3d 601, 603 (9th Cir.1993) (per curiam) (November 1992 amendment to section 3E1.1 not retroactively applicable).[1]
 
 
 5
 Zuniga-Camarena entered an unconditional guilty plea to the instant offense. Accordingly, we lack jurisdiction to consider Zuniga-Camarena's contention that his conviction should be reversed because he was entrapped into committing the instant offense. See United States v. Cortez, 973 F.2d 764, 766 (9th Cir.1992).
 
 
 6
 Finally, Zuniga-Camarena contends that his sentence was disproportionately severe when compared to that received by his allegedly more culpable codefendant. This argument is frivolous in light of the fact that his codefendant in the instant case received a more severe sentence than did Zuniga-Camarena.
 
 
 7
 The motion of counsel to withdraw is GRANTED and the judgment and sentence are AFFIRMED.
 
 
 
 d
 According to Dead Copy
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Because this argument fails, we need not address the related argument that Zuniga-Camarena was entitled to be sentenced below the statutory mandatory minimum sentence for the offense of conviction