43 F.3d 1480
 Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Christopher BILLINGS, Defendant-Appellant.
 No. 94-15662.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 6, 1994.*
Decided Dec. 14, 1994.
 
 Before: D.W. NELSON, HALL and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Christopher Billings appeals the district court's denial of his motion made under 18 U.S.C. Sec. 3582(c) for modification of his sentence because of a favorable post-sentencing amendment to the United States Sentencing Guidelines. Billings contends the district court erred by declining to reduce his sentence following the effective date of Amendment 484 to the Guidelines. Billings argues that this amendment to the Guidelines retroactively changed in his favor the manner in which the drug quantity attributable to the offense of conviction should have been calculated. Billings also contends that the district court should have applied retroactively Amendment 459 to the Guidelines, which made available an extra one-level reduction for acceptance of responsibility. We have jurisdiction under 28 U.S.C. Sec. 1291 and affirm.
 
 
 3
 "We review de novo the district court's application of the United States Sentencing Guidelines." United States v. Aldana-Ortiz, 6 F.3d 601, 602 (9th Cir.1993).
 
 
 4
 Amendment 484 to the Guidelines modified Application Note 1 to U.S.S.G. Sec. 2D1.1 effective November 1, 1993. U.S.S.G. App. C, am. 484. Application Note 1 describes how to calculate drug quantities when the drug in question is contained in a "mixture or substance" consisting of other items in addition to the drug itself. U.S.S.G. Sec. 2D1.1, comment. n. (*) and n. (1). Amendment 484 was intended to resolve an inter-circuit conflict which had arisen regarding the definition of "mixture or substance" as used in section 2D1.1. U.S.S.G. App. C, am. 484. This amendment was explicitly made retroactively applicable by the Sentencing Commission. U.S.S.G. Sec. 1B1.10 (Nov.1993); U.S.S.G. App. C, am. 502.
 
 
 5
 Billings pleaded guilty to conspiracy to manufacture methamphetamine in violation of 21 U.S.C. Secs. 841(a)(1), 846. Billings argues that in his case Amendment 484 results in a lower drug quantity calculation because much of the "mixture or substance" discovered at the methamphetamine laboratory when it was seized was not capable of being turned into methamphetamine. Billings misunderstands the sentencing court's method of calculating the drug quantity in his case.
 
 
 6
 The sentencing court arrived at its drug quantity determination using the methodology suggested in Application Note 2 to U.S.S.G. Sec. 2D1.4.[1] Based upon the total amount of precursor chemicals available to the conspirators and the size of the methamphetamine laboratory, the court found that the laboratory could produce a total of approximately 1.4 kilograms of methamphetamine. This amount included the quantity of pure methamphetamine present in the "mixture or substance" which was cooking in the laboratory at the time of its seizure. The court simply did not rely on the total quantity of the "mixture and substance" about which Billings argues.
 
 
 7
 Because the sentencing court relied on the amount of pure methamphetamine contained within the "mixture or substance" seized from the methamphetamine laboratory and not the total quantity of the mixture or substance, Amendment 484 has no effect on the calculation of drug quantity in the instant case. Accordingly, the district court did not err by finding that the benefit of Amendment 484 was inapplicable to Billings' case. Cf. Aldana-Ortiz, 6 F.3d at 603.
 
 
 8
 Billings' argument that Amendment 459 to the Guidelines, which provided for an additional one-level reduction in a defendant's offense level for particularly timely or complete acceptance of responsibility if certain conditions were met, should be retroactively applied to him is foreclosed by our decision in Aldana-Ortiz, 6 F.3d at 603 (holding Amendment 459 not retroactively applicable).
 
 
 9
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Application Note 2 provided in relevant part:
 Where ... the amount [of drugs] seized does not reflect the scale of the offense, the court shall approximate the quantity of the controlled substance. In making this determination, the court may consider ... the size or capability of any laboratory involved.
 U.S.S.G. Sec. 2D1.4, comment. (n. 2). Effective November 1, 1992, section 2D1.4, which governed attempt and conspiracy drug offenses, was deleted by consolidation with the guidelines applicable to the underlying substantive offenses. U.S.S.G. App. C, am. 447. Application Note 4 to section 2D1.4 is identical to Application Note 12 of section 2D1.1, which is the guideline applicable to the underlying substantive offense of manufacture of methamphetamine. See U.S.S.G. App. A.