68 F.3d 482
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Kevin Daniel MILLICAN, Defendant-Appellant.
 No. 94-35961.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 11, 1995.*
Decided Oct. 20, 1995.
 
 Before: BEEZER, THOMPSON, and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Kevin Daniel Millican, a federal prisoner, appeals pro se the district court's denial of his 28 U.S.C. Sec. 2255 motion to modify, vacate or set aside his 63-month conviction. Millican contends the district court erred by: (1) declining to retroactively apply Amendment 484 of the 1993 version of U.S.S.G. Sec. 2D1.1 to his 1991 conviction; and (2) finding that his guilty plea waives his claim that his sentence violates due process. We have jurisdiction under 28 U.S.C. Sec. 2255, and we affirm.
 
 
 3
 We review the district court's denial of a 28 U.S.C. Sec. 2255 petition de novo and findings of fact for clear error. United States v. Roberts, 5 F.3d 365, 368 (9th Cir. 1993). We also review de novo the district court's application of the Guidelines. United States v. Aldana-Ortiz, 6 F.3d 601, 602 (9th Cir. 1993).
 
 
 4
 Amendment 484 to the Guidelines modified Application Note 1 to U.S.S.G. Sec. 2D1.1 effective November 1, 1993. U.S.S.G. App. C, am. 484. Application Note 1 describes how to calculate drug quantities when the drug in question is contained in a "mixture or substance" consisting of other items in addition to the drug itself. U.S.S.G. Sec. 2D1.1, comment. n. (*) and n. (1). Amendment 484 was intended to resolve an inter-circuit conflict which had arisen regarding the definition of "mixture or substance" as used in section 2D1.1. U.S.S.G. App. C, am. 484. This amendment was explicitly made retroactively applicable by the Sentencing Commission. U.S.S.G. Sec. 1B1.10 (Nov. 1993); U.S.S.G. App. C, am. 502.
 
 
 5
 Here, Millican pleaded guilty to conspiracy to manufacture with intent to distribute methamphetamine in violation of 21 U.S.C. Secs. 841(a)(1), 846. Millican's attorney negotiated a plea bargain with the government, which stipulated that the amount of methamphetamine attributable to Millican was between 400 and 700 grams. Millican did not file objections to the PSR, nor did he file a direct appeal.
 
 
 6
 Relying on the 1993 change in the Guidelines, Millican filed a motion under 18 U.S.C. Sec. 3582 or, in the alternative, 28 U.S.C. Sec. 2255 seeking to have the district court reduce his sentence.[1] Millican argues that the application of amendment 484 alters the drug quantity calculation because the chemical mixture found in his possession contained no quantity of methamphetamine. Millican argues that under the commentary to amendment 484, the district court could not have considered the precursor chemical as a "mixture or substance" to set his base offense level.
 
 
 7
 We reject Millican's argument. First, the plain language of amendment 484 does not apply to the precursor chemical which Millican contends formed the basis for his sentence. In defining what materials are not to be considered "mixture or substance," the amendment describes "materials that must be separated from the controlled substance before the controlled substance can be used." U.S.S.G. Sec. 2D1.1, comment. n. (*) and n. (1); U.S.S.G. App. C., am. 484. Because the precursor chemical need not be separated from methamphetamine during manufacturing, the amendment and commentary are inapplicable. See id.
 
 
 8
 Second, in Millican's negotiated plea agreement, the parties stipulated a quantity of actual methamphetamine, not a mixture or substance containing methamphetamine. Thus, if the sentencing court had used the 1993 Guidelines, it would not have needed to resort to the part of the amendment from which Millican appeals to set his base offense level. See United States v. Roberts, 5 F.3d 365, 372 (9th Cir. 1993) (holding that base offense level was properly derived from estimation of methamphetamine laboratory's capacity based upon amount of precursor chemicals); accord United States v. Basinger, 60 F.3d 1400, 1408 (9th Cir. 1995).
 
 
 9
 Finally, the district court properly found that Millican has not alleged that his guilty plea was involuntary, nor has he claimed that he received ineffective assistance of counsel during plea negotiations. Thus, Millican's due process challenge to the factual basis underlying his sentence must fail. See United States v. Montilla, 870 F.2d 549, 552-53 (9th Cir. 1989) (holding that defendant's entry of a guilty plea waived claim of due process violation arising before the plea).
 
 
 10
 Accordingly, the district court properly denied Millican's petition pursuant to U.S.C. Sec. 2255. See Schlesinger, 49 F.3d at 485.
 
 
 11
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed. R. App. P. 34(a); 9th Cir. R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 Under section 3582, a defendant may request that the district court modify a term of imprisonment which is based upon a "sentencing range that has subsequently been lowered by the Sentencing Commission." 18 U.S.C. Sec. 3582(c)(2); see also U.S.S.G. Sec. 1B1.10 (defendant may apply for reduction in sentence when one of enumerated retroactive amendments has reduced the applicable Guideline sentencing range, and listing Amendment 484 as retroactive); United States v. Wales, 977 F.2d 1323, 1328 n.3 (9th Cir. 1992)