79 F.3d 1155
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Eligh NELSON, Jr., Defendant-Appellant.
 No. 95-50114.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 12, 1996.*
Decided March 18, 1996.
 
 Before: GOODWIN, WIGGINS, and O'SCANNLAIN, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Federal prisoner Eligh Nelson, Jr., appeals pro se the district court's denial of his 18 U.S.C. § 3582(c)(2) motion. He contends the district court erred when it denied his motion for the retroactive application of U.S.S.G. Amendment 506. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo, United States v. Aldana-Ortiz, 6 F.3d 601, 602 (9th Cir.1993) (per curiam), and affirm.
 
 
 3
 Nelson was convicted by jury of three counts of distributing cocaine base and one count of attempting to distribute cocaine base in violation of 21 U.S.C. § 841(a). On January 29, 1990, the district court sentenced Nelson to 360 months' imprisonment and 10 years of supervised release, his minimum sentence under the Guidelines.
 
 
 4
 In his section 3582(c)(2) motion, Nelson contends he is entitled to a sentence reduction based on the retroactive application of Amendment 506. We disagree.
 
 
 5
 Amendment 506, effective November 1, 1994, modified the definition of "offense statutory maximum" in the commentary to U.S.S.G. § 4B1.1 (the Career Offender provision) as follows:
 
 
 6
 "Offense Statutory Maximum," for the purpose of this guideline, refers to the maximum term of imprisonment authorized for the offense of conviction that is a crime of violence or controlled substance offense, not including any increase in that maximum term under a sentencing enhancement provision that applies because of the defendant's prior criminal record.... For example, where the statutory maximum term of imprisonment under 21 U.S.C. § 841(b)(1)(C) is increased from twenty to thirty years because the defendant has one or more qualifying prior drug convictions, the 'Offense Statutory Maximum' for the purposes of this guideline is twenty years and not thirty years.
 
 
 7
 U.S.S.G. App. C, Amendment 506 (emphasis added). It is undisputed that Amendment 506, if applicable, would be retroactive. See U.S.S.G. § 1B1.10(c).
 
 
 8
 Nelson was sentenced pursuant to 21 U.S.C. § 841(b)(1)(A). Section 841(b)(1)(A) provides a statutory sentencing range of 10 years to life unless the defendant has a prior conviction for a felony drug offense and in that event the sentencing range increases to 20 years to life. See 21 U.S.C. § 841(b)(1)(A). For the purpose of calculating defendant's offense level under the career offender provision of the Guidelines, only the statutory maximum penalty is relevant. See U.S.S.G. § 4B1.1. Whether or not Nelson had prior drug convictions, his statutory maximum would be the same: life in prison. See 21 U.S.C. § 841(b)(1)(A). Because section 841(b)(1)(A)'s sentence enhancement provisions have no effect on the statutory maximum, Amendment 506 is inapplicable to Nelson's 841(b)(1)(A) sentence. See U.S.S.G. App. C, Amendment 506. Consequently, the district court properly denied Nelson's section 3582(c)(2) motion.
 
 
 9
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3