**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Charles K. GRIFFY and Emma Griffy,
Defendants–Appellants.**

Nos. 87–1259, 88–1215.

United States Court of Appeals,
Ninth Circuit.

Feb. 1, 1990.

Before BROWNING, KOZINSKI and RYMER, Circuit Judges.

Appellants Charles and Emma Griffy appeal from their convictions, after a jury verdict, on six counts of tax evasion in violation of 26 U.S.C. § 7201 for the years 1980 through 1985. We vacate submission and order additional briefing.

Appellants' court-appointed counsel filed a brief that summarized the proceedings in the district court, recited the facts of the case, and stated that counsel had reviewed the record and "located no specific issues" for appeal. Counsel did not say the appeals were frivolous and did not move to withdraw. He stated he had served appellants with a copy of the brief by mail and advised them of their right to request leave to file a supplemental brief and to have counsel relieved.[1]

Following these recitals, counsel concluded: "Accordingly, the court must review the record. Should the court wish further briefing on an issue of law and advocacy on behalf of the appellants, counsel is available to do so."

Assuming, as counsel obviously does, that the procedures followed complied with the requirements imposed by the California Supreme Court in *People v. Wende*, 25 Cal.3d 436, 600 P.2d 1071, 158 Cal.Rptr. 839 (1979), and *People v. Feggans*, 67 Cal.2d 444, 432 P.2d 21, 62 Cal.Rptr. 419 (1967), in our view they did not satisfy the requirements imposed by the United States Supreme Court in *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), and reaffirmed in *McCoy v. Court of Appeals*, 486 U.S. 429, 108 S.Ct. 1895, 100 L.Ed.2d 440 (1988).

An indigent appellant is constitutionally entitled to counsel who acts as an active advocate rather than as *amicus curiae*. *Anders*, 386 U.S. at 744, 87 S.Ct. at 1400. *Anders* spells out what active advocacy requires of appointed counsel who concludes after a conscientious review of the record that the appeal is wholly without merit. Counsel must "so advise the court and request permission to withdraw. That request must, however, be accompanied by a brief referring to anything in the record that might arguably support the appeal." *Id.*

The purpose of this requirement is two-fold: it affords the indigent defendant "that advocacy which a nonindigent defendant is able to obtain," and it enables "the court to pursue all the more vigorously its own review because of the ready references not only to the record, but also to the legal authorities as furnished it by counsel." *Id.* at 745, 87 S.Ct. at 1400.

In contrast, the "no-merit letter" procedure invalidated in *Anders*, like the brief filed in this case, "affords neither the client nor the court any aid. The former must shift entirely for himself while the court has only the cold record which it must review without the help of an advocate." *Id.*

---

1. No supplemental brief was filed, though Emma Griffy addressed a letter to the court complaining her sentence was excessively harsh. Appellants did not request new counsel be appointed.

The Supreme Court reiterated these views in *McCoy*. The court further explained the reasons for the *Anders* requirement that counsel submit "a brief referring to anything in the record that might arguably support the appeal." [2]

That requirement was designed to provide the appellate courts with a basis for determining whether appointed counsel have fully performed their duty to support their clients' appeals to the best of their ability. The *Anders* requirement assures that indigent defendants have the benefit of what wealthy defendants are able to acquire by purchase—a diligent and thorough review of the record and an identification of any arguable issues revealed by that review. Thus, the *Anders* brief assists the Court in making the critical determination whether the appeal is indeed so frivolous that counsel should be permitted to withdraw.

108 S.Ct. at 1902 (footnotes omitted).

The Courts of Appeals have uniformly enforced the requirement that appointed counsel submit a brief on behalf of the indigent defendant presenting the strongest arguments in favor of their client supported by citations to the record and to applicable legal authority.[3]

■ Contrary to this uniform body of federal authority, the brief submitted on appellants' behalf identifies no issue and contains no legal or factual analysis.

Accordingly, submission of this appeal is vacated. If after a careful review of the record, appellants' counsel concludes the appeal is frivolous he shall so advise the court and move to withdraw. The motion shall be accompanied by a supplemental brief complying with the requirements of *Anders*. If after reviewing the record counsel does not believe the appeal is frivolous, then *Anders* does not apply and counsel will argue the appeal on his client's behalf according to his professional judgment and to the best of his ability. Appellants' counsel is directed to serve and file a supplemental brief, within 45 days of the date of this order. Appellee's supplemental brief and appellants' supplemental reply brief, if any, shall be served and filed in accordance with the time periods prescribed in Rule 31(a), Fed.R.App.P. The panel retains jurisdiction over the appeal in this case.

---

2. In *McCoy* the Supreme Court upheld a Wisconsin law requiring counsel filing an *Anders* brief to give the reasons supporting his or her belief the appeal is frivolous. The law survived constitutional scrutiny, because:

  [t]he attorney must still provide ... a thorough review of the record and a discussion of the strongest arguments revealed by that review. In searching for the strongest arguments available, the attorney must be zealous and must resolve all doubts and ambiguous legal questions in favor of his or her client.

108 S.Ct. at 1905.

3. *See e.g., Evans v. Clarke,* 868 F.2d 267, 268 (8th Cir.1989); *Freels v. Hills,* 843 F.2d 958, 962 (6th Cir.1988); *Nell v. James,* 811 F.2d 100, 104 (2d Cir.1987); *United States v. Edwards,* 777 F.2d 364, 366 (7th Cir.1985); *United States v. Blackwell,* 767 F.2d 1486, 1487–88 (11th Cir. 1985); *United States v. Johnson,* 527 F.2d 1328, 1329 (5th Cir.1976).