993 F.2d 886
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Gustav SKURDAL, Defendant-Appellant.
 No. 91-30441.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 27, 1993.*
Decided May 17, 1993.
 
 Before: BROWNING, KOZINSKI and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Gustav Skurdal appeals pro se his convictions following jury trial for conspiracy to manufacture and distribute methamphetamine and attempted manufacture of methamphetamine in violation of 18 U.S.C. § 2 and 21 U.S.C. §§ 841, 846, unlawful possession of listed essential chemicals with intent to manufacture methamphetamine in violation of 18 U.S.C. § 2 and 21 U.S.C. §§ 802(33-34), 841(d)(1), and distribution of methamphetamine in violation of 18 U.S.C. § 2 and 21 U.S.C. § 841(a)(1). Skurdal contends the district court had neither subject matter nor personal jurisdiction in this case. We have jurisdiction under 28 U.S.C. § 1291 and we affirm.
 
 
 3
 We review de novo the district court's assumption of jurisdiction. United States v. Visman, 919 F.2d 1390, 1392 (9th Cir.1990).
 
 
 4
 In Skurdal's rambling and often incoherent filings in this court, we discern three main arguments challenging the subject matter jurisdiction of the district court: (1) Congress is without authority to enact criminal laws purporting to limit the actions of the citizens of the various states; (2) methamphetamine is not a properly listed controlled substance; and (3) Titles 18 and 21 of the United States Code were never enacted into positive law and therefore the statutes therein are without effect.
 
 
 5
 We have previously recognized that "Congress may constitutionally regulate intrastate drug activity under 21 U.S.C. § 841." Id., 919 F.2d at 1393. We have also rejected the contention that methamphetamine is not a controlled substance because it may be found in certain over-the-counter medications. See United States v. Durham, 941 F.2d 886, 889-90 (9th Cir.1991). Finally, "Congress's failure to enact a title into positive law has only evidentiary significance and does not render the underlying enactment invalid or unenforceable." Ryan v. Bilby, 764 F.2d 1325, 1328 (9th Cir.1985) (upholding application of requirements of Internal Revenue Code even though Title 26 of the United States Code was never enacted into positive law); see also 1 U.S.C. § 204(a) (text of titles not enacted into positive law is prima facie evidence of the law itself); cf. Standefer v. United States, 447 U.S. 1, 20 (1980) ("With the enactment of [18 U.S.C. § 2], all participants in conduct violating a federal criminal statute are ... punishable for their criminal conduct." (footnote omitted)); United States v. O'Connor, 737 F.2d 814, 819 (9th Cir.1984) ("Congress enacted 21 U.S.C. § 841(a)(1) to reduce the distribution of narcotics in the United States."), cert. denied, 469 U.S. 1218 (1985). Skurdal offered no evidence either here or below to rebut the prima facie evidence of the existence of any of the statutes under which he was charged.
 
 
 6
 We reject as patently frivolous Skurdal's contentions that the district court improperly asserted personal jurisdiction over him because (1) he is his own sovereign, (2) the United States violated the sovereignty of the "country of Montana" when it subjected him to trial in a federal court, and (3) he is not subject to the laws of the United States.
 
 
 7
 To the extent that Skurdal is seeking civil damages for alleged violations of his civil rights, we decline to address these issues because they are not properly raised in a direct criminal appeal.
 
 
 8
 In addition, Skurdal combines a motion under 28 U.S.C. § 2255 with his direct criminal appeal. Absent the most unusual circumstances, a federal prisoner may not collaterally attack his sentence and conviction while his direct appeal is pending because disposition of the appeal may render the collateral attack unnecessary. Tripati v. Henman, 843 F.2d 1160, 1162 (9th Cir.), cert. denied, 488 U.S. 982 (1988); Feldman v. Henman, 815 F.2d 1318, 1320-21 (9th Cir.1987). Because Skurdal's direct appeal was combined with his section 2255 motion, the district court could not entertain his section 2255 motion and we decline to address the issues contained therein for the first time on appeal.
 
 
 9
 As a final matter, we deny as frivolous all of Skurdal's outstanding motions and requests in this case.
 
 
 10
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, Skurdal's request for oral argument is denied
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3