**Lee ROBBINS, Petitioner–Appellee,**

**v.**

**George SMITH, Warden, California
Department of Corrections,
Respondent–Appellant.**

---

Lee ROBBINS, Petitioner–Appellant,

v.

George SMITH, Respondent–Appellee.

Nos. 95–56640, 96–55063.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Oct. 8, 1996.

Decided Sept. 23, 1997.

Amended Aug. 13, 1998.

Carol Frederick Jorstad, Deputy Attorney General, Los Angeles, California, for respondent-appellant-cross-appellee.

Elizabeth A. Newman and Ronald J. Nessim, Bird, Marella, Boxer, Wolpert & Matz, Los Angeles, California, for petitioner-appellee-cross-appellant.

Before: HUG, Chief Judge,
PREGERSON and REINHARDT, Circuit Judges.

HUG, Chief Judge:

Robbins was convicted in California state court of second-degree murder and grand theft auto. His petition for habeas corpus alleges that his rights under the United States Constitution were violated because of constitutional errors in his trial and also because of ineffective assistance of counsel in his direct appeal. The district court held that Robbins was denied effective assistance of counsel on appeal because of the failure of his appointed counsel to comply with the minimum requirements of *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). The district court did not reach the exhausted issues set forth in Robbins' petition concerning the alleged violation of his constitutional rights at the trial stage. The district court's order would only require that Robbins be afforded an opportunity to appeal his conviction with the aid of effective counsel.

We have jurisdiction pursuant to 28 U.S.C. § 2253 and we affirm the district court's granting of Robbins's habeas petition on the *Anders* issue. We remand, however, to the district court for consideration of the alleged constitutional violations at trial that have been properly exhausted in the state courts. We hold that Robbins is entitled to consideration of these issues at this time. If the petition is granted on any of those grounds, it would obviate the necessity for an appeal. If the petition is denied on those grounds,

the new appeal in the state court as required by the district court order would, of course, not be confined to exhausted issues, but would be a renewed direct appeal.

## I. *FACTS AND PRIOR PROCEEDINGS*

Lee Robbins, an indigent defendant, represented himself at trial, where he was convicted of second-degree murder and grand theft auto. He was sentenced to seventeen years to life in the California state prison on September 5, 1990.

Robbins received appointed counsel for his state appeal. His attorney filed a no-merit brief before the court, which briefly outlined the facts surrounding Robbins's trial and failed to present any possible grounds for appeal. Included in the short document was a request that the court itself review the record for arguable issues. Counsel pledged to remain "available to brief any [issue(s)] upon invitation of the court."

Robbins subsequently filed a brief on his own behalf. After the California Court of Appeals found Robbins's claims to be unsupported by the record and that no other arguable issues existed, his appeal was denied on December 12, 1991. Robbins's petition for review by the California Supreme Court was denied on October 21 of the following year.

After exhausting his state remedies on January 26, 1994,[1] Robbins filed, pursuant to 28 U.S.C. § 2254, an amended first federal habeas petition on February 24, 1994. He argued that his appointed state appellate counsel failed to present his claims in accordance with *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). He also raised numerous trial errors, among them: (1) that the prosecutor had violated his duty to disclose exculpatory evidence under *Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963); (2) that the court had erred in failing to allow Robbins to withdraw the waiver of his right to counsel; (3) that the court had failed to provide him with either the money or the means to prepare a case in his own defense; and (4) that

---

1. Robbins filed a habeas petition in state court, which the California Supreme Court ultimately denied on the merits. The petition raised the

same issues that Robbins now raises in his federal habeas petition.

the court had deprived him of his right to a fair trial by failing to secure the presence of the witnesses he had subpoenaed.

After counsel was appointed to represent Robbins, and after several rounds of supplemental briefing, the district court granted his habeas petition on October 24, 1995, "to the extent that petitioner shall be discharged from custody unless the California Court of Appeal accepts jurisdiction over petitioner's direct appeal within 30 days." The State of California appealed. Robbins cross-appealed, arguing that the district court should have granted relief on his claims of constitutional error in the trial, thereby entitling him to a new trial.

## II. *Applicability Of AEDPA*

■ As a threshold matter, we must decide whether the new substantive and procedural requirements of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), signed into law on April 24, 1996, are applicable to this case. Though the answer to the question was not clear at the time of oral argument, the Supreme Court has since held that the sections of AEDPA relevant to this case do not apply to cases filed in the federal courts prior to the Act's effective date of April 24, 1996. *See Lindh v. Murphy*, 521 U.S. 320 ——, 117 S.Ct. 2059, 2068, 138 L.Ed.2d 481 (1997); *see also Jeffries v. Wood*, 103 F.3d 827, 827 (9th Cir.1996). Robbins filed his § 2254 petition in the district court in February 1994. Thus, the provisions of AEDPA do not apply to this petition.

## III. *The State's Appeal*

The district court held that Robbins's representation during his direct appeal was ineffective under *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). It was on this basis that the district court granted a conditional writ of habeas corpus. The State appeals that order, arguing (1) that the brief filed by Robbins's appointed counsel complied with *Anders* as interpreted by the California Supreme Court, (2) that the district court erred in finding that arguable issues existed, and (3) that the application of *Anders* violates *Teague v. Lane*, 489 U.S. 288, 109 S.Ct. 1060, 103 L.Ed.2d 334 (1989). We address each of these arguments below.

*Anders* is the Supreme Court's landmark pronouncement setting forth court-appointed appellate counsel's duty to further a client's case after determining the appeal to be without merit. *Anders* involved the situation where an indigent defendant's appointed counsel, after concluding an appeal was frivolous, filed a letter brief so informing the court. The letter noted that counsel remained at the court's disposal to brief any issues that the court were to see fit. The defendant's request for replacement counsel was denied, and the California Court of Appeals affirmed the conviction.

*Anders* subsequently filed a federal habeas petition, arguing that his right to effective counsel on appeal had been violated. The Supreme Court agreed. The Court was convinced that the appellate court reviewed Anders's claim without the benefit of briefing or advocacy based on "counsel's bare conclusion" that the appeal was frivolous. *Anders*, 386 U.S. at 742, 87 S.Ct. 1396. The Court held that such a letter brief from defendant's counsel " 'cannot be an adequate substitute for the right to full appellate review.' " *Id.* (quoting *Eskridge v. Washington State Bd.*, 357 U.S. 214, 215, 78 S.Ct. 1061, 2 L.Ed.2d 1269 (1958)).

The Court in *Anders* outlined the appropriate procedure as follows:

> The constitutional requirement of substantial equality and fair process can only be attained where counsel acts in the role of an active advocate in behalf of his client, as opposed to that of *amicus curiae*. The no-merit letter and the procedure it triggers do not reach that dignity. Counsel should, and can with honor and without conflict, be of more assistance to his client and to the court. His role as advocate requires that he support his client's appeal to the best of his ability. Of course, if counsel finds his case to be wholly frivolous after a conscientious examination of it, he should so advise the court and request permission to withdraw. That request must, however, be accompanied by a brief referring to anything in the record that might arguably support the appeal. A copy of counsel's brief should be furnished the indigent and time allowed him to raise any points that

he chooses; the court—not counsel—then proceeds, after a full examination of all the proceedings, to decide whether the case is wholly frivolous. If it so finds it may grant counsel's request to withdraw and dismiss the appeal insofar as federal requirements are concerned, or proceed to a decision on the merits, if state law so requires. On the other hand, if it finds any of the legal points arguable on their merits (and therefore not frivolous) it must, prior to decision, afford the indigent the assistance of counsel to argue the appeal.

*Anders,* 386 U.S. at 744, 87 S.Ct. 1396.

In *Penson v. Ohio,* the Supreme Court explained that *"Anders,* in essence, recognizes a limited exception to the requirement articulated in [*Douglas v. California,* 372 U.S. 353, 83 S.Ct. 814, 9 L.Ed.2d 811 (1963)] that indigent defendants receive representation on their first appeal as of right." *Penson v. Ohio,* 488 U.S. 75, 83, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988). This limited exception recognizes that the Fourteenth Amendment does not demand that a State require that appointed counsel pursue wholly frivolous appeals. *Id.* at 83–84, 109 S.Ct. 346. *Anders* and *Douglas* thus set forth the exclusive procedure through which appointed counsel's performance can pass constitutional muster: Appointed counsel must either provide active and vigorous appellate representation of indigent criminal defendants or, after conducting a conscientious examination of the record and concluding that any appeal would be wholly frivolous, request leave to withdraw and file a brief identifying anything in the record that might arguably support an appeal. *See Anders,* 386 U.S. at 744, 87 S.Ct. 1396; *see also Penson,* 488 U.S. at 80, 83–84, 109 S.Ct. 346.

The California Supreme Court interpreted *Anders* in *People v. Feggans,* 67 Cal.2d 444, 62 Cal.Rptr. 419, 432 P.2d 21 (1967), and later in *People v. Wende,* 25 Cal.3d 436, 158 Cal.Rptr. 839, 600 P.2d 1071 (1979). *Wende* quoted *Feggans* as stating the appropriate rule establishing the duty of counsel:

In *People v. Feggans* (1967) 67 Cal.2d 444, 62 Cal.Rptr. 419, 432 P.2d 21, we responded to the Supreme Court's mandate as follows: "Under *Anders,* regardless of how frivolous an appeal may appear ..., a no-merit letter will not suffice. Counsel must prepare a brief to assist the court in understanding the facts and the legal issues in the case. The brief must set forth a statement of the facts with citations to the transcript, discuss the legal issues with citations of appropriate authority, and argue all issues that are arguable.... If counsel concludes that there are no arguable issues and the appeal is frivolous, he may limit his brief to a statement of the facts and applicable law and may ask to withdraw from the case, but he must not argue the case against his client. Counsel is not allowed to withdraw from the case until the court is satisfied that he has discharged his duty to the court and his client to set forth adequately the facts and issues involved. If counsel is allowed to withdraw, defendant must be given an opportunity to present a brief, and thereafter the court must decide for itself whether the appeal is frivolous. [Citations.] If any contention raised is reasonably arguable, no matter how the court feels it will probably be resolved, the court must appoint another counsel to argue the appeal. (*People v. Feggans, supra,* 67 Cal.2d at 447–48, 62 Cal.Rptr. at 421, 432 P.2d at 23)."

*Wende,* 158 Cal.Rptr. 839, 600 P.2d at 1073–74.

The State contends that, because Robbins's state appellate counsel's brief complies with the strictures of *Wende,* the district court erred in determining the brief to be insufficient under *Anders.* The State argues that appointed counsel's actions in this case satisfy the requirements of *Anders,* as construed by *Feggans* and *Wende,* because: (1) the nonexistence of arguable issues should have been inferred from counsel's failure to raise any; and (2) despite the fact that it should have been inferred that counsel concluded that there was a lack of arguable issues, it was not incumbent on him to withdraw because he had not "disabled himself from effectively representing" Robbins by describing his case as frivolous. *See Wende,* 158 Cal.Rptr. 839, 600 P.2d at 1075.

Our obligation in this habeas action is to determine whether appellate counsel met his obligations under the United States Su-

preme Court's requirements set forth in *Anders* and its progeny.[2] It is apparent that those requirements were not met. Robbins's appointed counsel neither provided active and vigorous appellate representation nor complied with *Anders* and *Feggans*. The brief filed on Robbins's behalf completely failed to identify any grounds that arguably supported an appeal. Rather, it briefly summarized the procedural and historical facts of the case and requested that the state appellate court "independently review the entire record for arguable issues." Accordingly, the district court correctly found that Robbins's counsel did not comply with *Anders*.

■ The State also argues that the district court erred in basing its grant of Robbins's habeas petition on the finding that at least two arguable issues existed for appeal. In making this argument, the State assumes that the nonexistence of arguable issues would render appointed counsel's failure to comply with *Anders* harmless. We need not decide whether this assumption is correct because we conclude that the district court correctly determined that arguable issues existed.

The district court found that at least two nonfrivolous appellate issues existed in Robbins's case: (1) that the denial of Robbins's attempt to withdraw the waiver of his right to counsel constituted error; and (2) that the inadequacy of the county jail's library deprived him of a meaningful opportunity to prepare his defense. It further noted that there may well be other arguable issues. Robbins also points to several other exhausted, arguable appellate issues, including prosecutorial misconduct in violation of *Brady v. Maryland*, wrongful denial of Robbins's *Marsden* motions (motions under California law relating to the substitution of counsel), and interference with Robbins's constitutional right to prepare an adequate defense on his own behalf.

■ *Anders* creates a very low threshold for which arguments counsel must brief for the court. *See United States v. Griffy*,

895 F.2d 561, 563 (9th Cir.1990); *Lombard v. Lynaugh*, 868 F.2d 1475, 1487 (5th Cir.1989) (Goldberg, J., concurring). Certainly, counsel need not argue only "winning" arguments. Instead, counsel must bring to the court's attention "anything in the record that might arguably support the appeal." *Anders*, 386 U.S. at 744, 87 S.Ct. 1396. For purposes of California law, an issue is "arguable" when it has some potential for success, meaning some possibility of a result requiring reversal or modification of the judgment. *People v. Johnson*, 123 Cal.App.3d 106, 109, 176 Cal.Rptr. 390 (1981).

The two issues identified by the district court—(1) whether the denial of Robbins's attempt to withdraw the waiver of his right to counsel constituted error; and (2) whether the inadequacy of the county jail's library deprived him of a meaningful opportunity to prepare his defense—are arguable and should have caused the state appellate court to appoint new counsel for Robbins.[3] As noted by the district court:

> The right guaranteed by the Fourteenth and Sixth Amendments to waive one's right to counsel and proceed in pro per "is premised upon the right of the defendant to make a defense." *Milton v. Morris*, 767 F.2d 1443, 1445–46 (9th Cir.1985) (citing *Faretta v. California*, 422 U.S. 806, 819–20, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975)). An incarcerated defendant cannot meaningfully exercise this right without access to tools such as law books. *Id.* at 1446; *Taylor v. List*, 880 F.2d 1040, 1047 (9th Cir. 1989).

The California trial judge's own words—"it's almost impossible as a pro per to prepare yourself a decent defense, especially given the law library"—justify the district court's conclusion that Robbins's inability to prepare an adequate defense was, in the very least, an arguable issue. The California trial judge even told Robbins that "if you are looking up law, you are not going to be able to find it because somebody has torn it out before you

---

2. We only address the obligations of appellate counsel in this decision. Our opinion in no way relieves the state court judges of their obligation under *Anders* and *Wende* to conduct their own independent review of the proceedings to decide whether the appeal is wholly frivolous.

3. Because we conclude that the district court correctly identified at least two arguable issues, we need not determine whether other arguable issues exist.

got there." There is some potential, had Robbins's appointed counsel raised and vigorously advanced this issue on appeal, that Robbins's conviction would have been reversed.

As the district court noted, the California trial court's treatment of Robbins's request to withdraw his waiver of his right to counsel also raises a serious constitutional question. The district court stated, "[f]airly read, petitioner asked for the appointment of counsel as an alternative to advisory counsel. Because the judge failed to even consider whether petitioner was reasserting his right to counsel, it too is a nonfrivolous issue which should have been raised by petitioner's appellate counsel." We agree.

■ Finally, the State argues that granting relief on Robbins's *Anders* claim violates *Teague v. Lane. Teague* held that new constitutional rules cannot be applied retroactively to cases on collateral review unless they fall into one of two narrow exceptions. It is clear, however, that the district court's holding in this case did not involve a new rule. Our discussion above indicates that the outcome of Robbins's case was predetermined by the controlling analysis provided by the Supreme Court in *Anders* and *Penson,* both of which were handed down before Robbins's conviction. Likewise, the California Supreme Court's decision in *Feggans,* which is cited approvingly in *Wende,* compels the result in this case and was decided before Robbins's conviction. The consequences of counsel's failure to raise arguable issues were unambiguously detailed in *Anders* and *Feggans.* Application of *Anders* and *Feggans* to this case required no extension of precedent or logical interpolation. The facts of Robbins's case almost directly mirror those of *Anders.* Accordingly, no "new" constitutional rule was invoked in this case.

### IV. *Robbins's Cross–Appeal*

■ Robbins argues in his cross-appeal that the district court erred when it failed to consider and to rule upon his allegations of constitutional error in the state court trial.

Robbins brought eleven exhausted claims in the district court relating to his trial. Had Robbins not raised the *Anders* issue, the district court would have reached the merits

of those claims. Had the district court ruled in Robbins's favor on them, a grant of habeas relief would have required either release or a new trial. The need for a new direct appeal—the remedy granted by the district court—would be obviated by this outcome. Robbins is entitled to have these foundational claims in his habeas petition considered first.

The Eleventh Circuit has, in the exercise of its supervisory authority, directed district courts to rule on all claims raised in a petition for habeas corpus, even if the petition is granted on one claim. *Clisby v. Jones,* 960 F.2d 925, 936 (11th Cir.1992) (en banc). This has the advantage of avoiding possible remands for consideration of remaining claims if the district court's decision on one claim is reversed. It has the disadvantage of requiring considerable extra work by the district court to decide many claims that may be completely unnecessary, because they will be mooted on appeal.

We have taken a different approach in our circuit. In *Blazak v. Ricketts,* 971 F.2d 1408, 1413 (9th Cir.1992) (per curiam), we declined to apply the *Clisby* approach to a capital case in which the district court granted the writ on one guilt phase issue without deciding all the remaining guilt phase issues or any of the penalty phase issues. We drew a distinction, however, between a case which granted a petition on a sentencing issue but left unresolved an issue affecting the validity of the conviction. *Id.* at 1413–14. We stated:

> Moreover, unlike habeas grants exclusively on sentencing issues, the grant of a habeas petition because of the constitutional invalidity of a conviction raises concerns that a possibly innocent person has been unjustifiably incarcerated on death row for a number of years. Delaying retrial in such cases, while attorneys fight over a sentence that may no longer exist, risks the perpetuation of a monumental injustice, should retrial ultimately result in an acquittal.

*Id.* at 1414 n. 7. The same policy considerations are involved in this case. Granting the writ only for the ineffective assistance of counsel on appeal leaves the challenges underlying the conviction unresolved. Resolving other issues while leaving challenges to

the underlying conviction unresolved potentially can cause grave injustice to defendants like Robbins who, despite alleging constitutional shortcomings in the trial process, must await resolution of a renewed appeal while potentially deserving a retrial and possibly an acquittal.

*Penson v. Ohio,* cited by California in opposition to Robbins's claim, is inapposite. Penson was an indigent defendant who was convicted of several serious felonies. His appointed appellate counsel filed a letter brief certifying his appeal to be meritless and asking to withdraw. In violation of *Anders,* the Ohio Court of Appeals allowed counsel to withdraw and conducted its own review of the record without the benefit of advocacy or briefing. *Penson,* 488 U.S. at 78, 109 S.Ct. 346. The Ohio court found "several arguable claims," reversed one of his convictions, and then dismissed his appeal. *Id.* at 79, 109 S.Ct. 346. Penson petitioned for a writ of certiorari. The Supreme Court granted the petition and reversed.

Penson is unlike the case at bar because it involved the Supreme Court's review of the Ohio appellate court's dismissal of Penson's direct appeal. When the Court recognized that "several arguably meritorious grounds for reversal" existed, it remanded the matter to the Ohio appellate court for further proceedings. *Id.* It was, however, reviewing the direct appeal of a state court action, and not a habeas petition. In this circumstance, the Court explained that it would not "sit in place of the Ohio Court of Appeals *in the first instance* to determine whether petitioner was prejudiced as to any appellate issue." *Id.* at 87 n. 9, 109 S.Ct. 346 (emphasis added). In this habeas proceeding the district court will be considering alleged constitutional errors in the defendant's trial that have been exhausted in the state court. Robbins is entitled to have those trial issues considered at this time just as any other habeas petitioner would. The fact that Robbins also presents an allegation of ineffective assistance of appellate counsel is a secondary issue that comes into play only if the district court denies relief for trial errors. That appeal would then be a renewal of the direct appeal as in *Penson* and could encompass any issues that could have been raised on direct appeal.

Because the district court should have addressed the claims of trial error first, it might not have needed to address Robbins's claims of appellate error as well. Because it did address the appellate claims, however, and because it decided those questions correctly, it is in the interest of judicial economy and efficiency to affirm them now. If trial error is found to have occurred and to require vacation of the conviction, the appellate errors will become immaterial. If no such trial errors are found, however, the district court's original order will again become applicable. *Cf. Penson,* 488 U.S. at 88–89, 109 S.Ct. 346 (the actual or constructive denial of assistance of counsel is presumed to result in prejudice); *Lombard,* 868 F.2d at 1487 (formal physical presence of appellate attorney is not appellate counsel; defendant constructively denied assistance of counsel where attorney filed document containing no arguments going to merits of appeal).

## V. *CONCLUSION*

The judgment of the district court is AFFIRMED IN PART but the case is REMANDED to the district court for consideration of whether the alleged constitutional trial errors that defendant raises merit reversal of Robbins's underlying convictions and the granting of a new trial.