**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Gustav W. SKURDAL, Defendant–
Appellant.**

**No. 01–35959.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Aug. 4, 2003.

Filed Aug. 27, 2003.

Michael Donahoe, Assistant Federal Defender and Anthony R. Gallagher, Federal Defender, Office of Federal Defenders of MT, Helena, Montana, for the defendant-appellant.

C. Ed Laws, Assistant United States Attorney, Office of the United States Attorney, Billings, MT, for the plaintiff-appellee.

Before BROWNING, ALARCÓN, and CLIFTON, Circuit Judges.

## OPINION

ALARCÓN, Circuit Judge.

Gustav W. Skurdal appeals from the denial of his 28 U.S.C. § 2255 (" § 2255") motion to vacate, set aside or correct his conviction and sentence. We reverse. We conclude that Mr. Skurdal's attorney's failure to file a proper *Anders* brief in support of his motion to be relieved of his appointment to represent Mr. Skurdal on his direct appeal constituted a denial of effective assistance of counsel under the Fifth Amendment. Accordingly, we hold that Mr. Skurdal has demonstrated cause and prejudice for his failure to seek review of the issues presented in his § 2255 motion in his direct appeal.

I

Mr. Skurdal was arrested in the early morning hours of February 15, 1991, in Billings, Montana, as a result of a Federal Drug Enforcement Agency sting operation. Because Mr. Skurdal is indigent, Curtis L. Bevolden was appointed as his trial counsel. During his arraignment proceedings, Mr. Skurdal requested that the court vacate its order appointing Mr. Bevolden as his counsel and appoint his brother to represent him instead. Mr. Skurdal's brother is not a member of the bar of any state. The magistrate judge denied the motion.

In an indictment filed with the district court on February 25, 1991, Mr. Skurdal was charged by a federal grand jury with five counts of violating federal laws prohibiting the manufacture, distribution and sale of methamphetamines. On April 10, 1991, Mr. Skurdal appeared before District Judge Jack D. Shanstrom for a hearing on Mr. Skurdal's pro se motion to relieve Mr. Bevolden as his counsel. Mr. Skurdal argued that "Mr. Bevolden does not understand the constitutional law, he does not understand the UCC, he does not understand administrative proceedings or my God-given or absolute rights. How can he be effective?" Judge Shanstrom granted Mr. Skurdal's pro se motion to represent himself.

On May 6, 1991, Judge Shanstrom conducted a competency hearing *sua sponte* in order to determine whether Mr. Skurdal was both competent to represent himself and to stand trial. The court asked Mr. Skurdal whether he understood the nature of the charges against him. The court had previously read the indictment to Mr. Skurdal. Mr. Skurdal responded that he had not been informed "fully of the nature" of the charges against him. Mr. Skurdal also repeatedly challenged the jurisdiction of the district court to try him, asserting that "there is [sic] only three jurisdictions, common law, equity and admiralty." The court attempted to determine whether Mr. Skurdal could follow federal law and procedure during a trial. Mr. Skurdal did not directly respond to the court's questions. Instead, he asserted his understanding of law with statements such as "the Constitution gives me the right under Article VIII and Article IX to do what I want as long as I do not injure, harm, or damage another person or property," and "[o]ur forefathers set this country up on the white race of this country."

The court ordered that Mr. Skurdal submit to a psychiatric evaluation to determine whether he was competent to stand trial. Mr. Skurdal was evaluated at a psychiatric facility in Rochester, Minnesota. The evaluator determined that Mr. Skurdal was competent to stand trial and assist in his defense.

Judge Shanstrom held a second competency hearing on August 12, 1991. Judge Shanstrom asked Mr. Skurdal to "advise the Court as to the nature of the crime that you are being charged." Mr. Skurdal replied that "you have not told the accused the nature and cause." Mr. Skurdal also repeatedly questioned the jurisdiction of the district court, asserting that "[c]ommon law is the issue here.... For the District of Columbia? Is that what it says here? Which Constitution are you operating under? The DC? For the State of New Columbia or the constitution of the republic?" and "[m]y rules are under the common law under the republic form of constitution and no other constitution set forth by a foreign government or a foreign state." In response, the district court commented: "[I]f you don't know what court you are in right now and what constitution you are under, you are certainly not competent to represent yourself." Judge Shanstrom explained that because he did not feel that Mr. Skurdal "[understood] the full consequences of representing [himself]," he would not "permit [him] to waive [his] right to counsel" because he did not "think it [was] knowingly and voluntary." The court reappointed Mr. Bevolden to serve as Mr. Skurdal's counsel at his trial.

Mr. Skurdal was tried and convicted of four of the five counts against him and was sentenced to 240 months in federal prison. Mr. Skurdal filed a motion for leave to file pro se post-trial pleadings. On October 6, 1991, the court denied the motion, finding "that it [was] in defendant's best interest to have continued legal representation by

court-appointed counsel during post-trial proceedings."

## II

Mr. Bevolden filed a timely notice of appeal on Mr. Skurdal's behalf on December 6, 1991. Mr. Bevolden did not file an opening brief. Instead, he filed a motion with this court on June 19, 1992 in which he requested permission to withdraw as Mr. Skurdal's attorney. In his motion, Mr. Bevolden stated that "to the extent he understands Skurdal's issues, [he could not] in good faith, nor in compliance with Rule 3.1 of the Rules of Professional Conduct, assert those issues on appeal for the reasons that Curtis L. Bevolden believes those issues to be frivolous." Mr. Bevolden also filed a three-page affidavit in which he outlined the history of his relationship with Mr. Skurdal.[1] Mr. Bevolden explained that "Skurdal was allowed to proceed pro se or pro per for a time but when Skurdal insisted on proceeding with his unique legal philosophy the District Court re-appointed Curtis L. Bevolden as his counsel." Mr. Bevolden did not notify this court in his motion to withdraw as Mr. Skurdal's counsel on his direct appeal, or in the supporting affidavit, that the district court had found that Mr. Skurdal lacked the capacity to make a knowing and intelligent waiver of counsel. Furthermore, Mr. Bevolden did not submit a brief that complied with the requirements set forth in *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).

On September 18, 1992, this court issued a one-paragraph order which granted Mr. Bevolden's motion to withdraw as Mr. Skurdal's appointed counsel, and advised Mr. Skurdal that he had twenty-one days to inform the court whether he desired to proceed pro se on appeal or to have new counsel appointed to represent him. On November 17, 1992, Mr. Skurdal filed a motion to "proceed in propria persona." He signed the motion as a "Citizen of Montana State." On December 8, 1992, the clerk of this court issued an order stating that "Appellant has informed this court that he intends to represent himself. This court's docket shall be accordingly amended." Before granting Mr. Skurdal's motion to proceed pro se in prosecuting this appeal, this court made no inquiry to determine whether Mr. Skurdal's waiver of appellate counsel was knowing and intelligent.

In an unpublished memorandum, we affirmed the judgment of conviction. In rejecting his contentions, we characterized Mr. Skurdal's arguments as "rambling and often incoherent," and we "den[ied] as frivolous all of Skurdal's outstanding motions and requests in this case." *United States v. Skurdal*, 993 F.2d 886, 1993 WL 164651 at *1–2 (9th Cir. May 17, 1993).

## III

On December 30, 1996, Mr. Skurdal filed a motion in the district court for leave to file an enlarged § 2255 motion. It was accompanied by a 420–page pleading and appendices consisting of more than 1000 pages.[2] The district court denied Mr. Skurdal's motion on January 8, 1997 and ordered him to limit his pleading to twenty pages.

Mr. Skurdal filed a revised § 2255 motion on May 19, 1997. On March 16, 1998, the district court determined that the motion was too verbose and that it was difficult to "decipher the factual basis for his

---

1. Mr. Bevolden indicated in his affidavit that he had agreed to represent Mr. Skurdal in his direct appeal.

2. The deadline for filing a § 2255 within the one-year Anti-terrorism and Effective Death Penalty Act ("AEDPA") statute of limitations in this matter was April 23, 1997.

claims." The district court ordered Mr. Skurdal to file a "short and plain" pleading. Mr. Skurdal filed a revised § 2255 motion on March 31, 1998. The district court denied it as untimely on October 1, 1998.

Mr. Skurdal appealed from the denial of his § 2255 motion to this court. In an unpublished memorandum filed on June 6, 2000, we held that since Mr. Skurdal's "original section 2255 motion was filed within the AEDPA's one-year limitation period, his section 2255 motion was timely filed and should not have been dismissed." *United States v. Skurdal*, 229 F.3d 1161, 2000 WL 727748 at *1 (9th Cir. June 6, 2000). Accordingly, we vacated the order dismissing Mr. Skurdal's § 2255 motion and remanded the matter to the district court.

In an order filed on April 11, 2001, the district court denied Mr. Skurdal's § 2255 motion, holding that all of the issues he had raised were procedurally barred because he had failed to raise them on direct appeal and had not demonstrated cause or prejudice. The district court subsequently denied Mr. Skurdal's motions for reconsideration and for a Certificate of Appealability ("COA").

Mr. Skurdal appealed from the denial of a COA to this court. We granted Mr. Skurdal's request for a COA. The COA is limited to the question whether Mr. Skurdal's right to effective appellate counsel was violated, and if so, whether that fact excuses his failure to raise his contentions in his direct appeal. We have appellate jurisdiction over this appeal pursuant to 28 U.S.C. §§ 1291 and 2253(a).

## IV

■ Mr. Skurdal contends that he was denied his due process right to effective representation of counsel when his appellate counsel failed to notify this Court, in his motion to withdraw from representing his client on direct appeal, of the district court's previous determination that Mr. Skurdal lacked the capacity to make a knowing and intelligent waiver of his right to counsel. He argues that this constitutional error was cause for his failure to have included his claims in his direct appeal and prejudiced his right to a hearing on the merits of the claims he presented in his § 2255 motion. "We review de novo the denial of a federal prisoner's 28 U.S.C. § 2255 motion." *United States v. Day*, 285 F.3d 1167, 1169 (9th Cir.2002).

■ "If a criminal defendant could have · raised a claim of error on direct appeal but nonetheless failed to do so, he must demonstrate both cause excusing his procedural default, and actual prejudice resulting from the claim of error." *United States v. Johnson*, 988 F.2d 941, 945 (9th Cir.1993). Generally, to demonstrate "cause" for procedural default, an appellant must show that "some objective factor external to the defense" impeded his adherence to the procedural rule. *Murray v. Carrier*, 477 U.S. 478, 488, 106 S.Ct. 2639, 91 L.Ed.2d 397 (1986). However, if the record shows that an appellate counsel's performance fell below the standard of competency of counsel set forth in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), or that he was denied representation by counsel on appeal altogether, he has demonstrated cause for his procedural default. *See Murray*, 477 U.S. at 488, 106 S.Ct. 2639 ("Ineffective assistance of counsel, then, is cause for a procedural default."); *Correll v. Stewart*, 137 F.3d 1404, 1416 (9th Cir.1998) (citing *Murray*, 477 U.S. at 488, 106 S.Ct. 2639, for the proposition that "ineffective assistance of counsel may constitute cause"); *Allen v. Risley*, 817 F.2d 68, 69 (9th Cir.1987) (" 'Attorney error short of ineffective assistance of counsel does not constitute cause for a procedural

default.' ") (quoting *Murray,* 477 U.S. at 492, 106 S.Ct. 2639). Thus, to determine whether Mr. Skurdal has demonstrated cause and prejudice for his failure to raise his claims of error in his direct appeal, we must decide whether he was denied effective assistance of appellate counsel.

## V

■ Under the Due Process Clause of the Fifth Amendment, an appellant has the right to representation by effective counsel in his or her direct appeal. *See Pollard v. White,* 119 F.3d 1430, 1435 (9th Cir.1997) ("The Due Process Clause guarantees a criminal defendant effective assistance of counsel on his first appeal as of right."); *Doyle v. United States,* 366 F.2d 394, 398–99 (9th Cir.1966) (holding that the Fifth Amendment guarantees a criminal defendant prosecuted in federal court the right to counsel on appeal). Mr. Skurdal contends that Mr. Bevolden's failure to file a proper *Anders* brief with his motion to withdraw constituted ineffective assistance. The Government asserts that, pursuant to *Smith v. Robbins,* 528 U.S. 259, 120 S.Ct. 746, 145 L.Ed.2d 756 (2000), an appellate counsel's motion to withdraw need not follow the exact procedure set forth in *Anders.* The Government maintains that Mr. Bevolden did not improperly withdraw as Mr. Skurdal's counsel.[3]

■ The Government's argument is a red herring. In *Smith,* the United States Supreme Court overturned a decision by this court which held that the procedure set forth in *People v. Wende,* 25 Cal.3d 436, 158 Cal.Rptr. 839, 600 P.2d 1071, 1074–75 (1979), regarding the withdrawal of appellate counsel violated the mandate

of the United States Supreme Court in *Anders. Smith,* 528 U.S. at 272, 120 S.Ct. 746 (overruling *Robbins v. Smith,* 152 F.3d 1062 (9th Cir.1997)). The United States Supreme Court held in *Smith* that, in the interests of federalism, a state may adopt its own procedure governing attorney withdrawal as long as it "reasonably ensures that an indigent's appeal will be resolved in a way that is related to the merit of that appeal." *Id.* at 276–77, 120 S.Ct. 746. The Court held that the *Anders* procedure was not the *"only* prophylactic framework that could adequately vindicate this right . . . ." *Id.* at 273, 120 S.Ct. 746 (emphasis in original). The matter before this court involves an appeal by Mr. Skurdal from a conviction in *federal*—not *state*—court. Therefore, the procedure an attorney must follow in order to withdraw from representing an indigent defendant, convicted in federal court, because counsel believes the appeal is wholly without merit, is governed by *Anders* and the law of this Circuit. In this Circuit, we require an attorney who wishes to withdraw from representing a person on appeal to follow the procedures outlined in *Anders,* 386 U.S. at 744, 87 S.Ct. 1396. *United States v. Griffy,* 895 F.2d 561, 562 (9th Cir.1990) (per curiam). *See also United States v. Aldana–Ortiz,* 6 F.3d 601, 602 n. 1 (9th Cir.1993) (per curiam) (explaining that the court ordered the first *Anders* brief filed in the case stricken because it "failed to meet the standards for *Anders* briefs as set out in *United States v. Griffy,* 895 F.2d 561 (9th Cir.1990)").

In order " 'to provide the appellate courts with a basis for determining whether appointed counsel have fully performed their duty to support their clients' appeal

---

**3.** The Government also argues that Mr. Bevolden did not withdraw because he felt that the appeal was frivolous. The record does not support this contention. Mr. Bevolden explained in his affidavit "to the extent he understands Skurdal's issues, [he could not] in

good faith, nor in compliance with Rule 3.1 of the Rules of Professional Conduct, assert those issues on appeal for the reasons that Curtis L. Bevolden *believes those issues to be frivolous.*" (emphasis added).

to the best of their ability,'" *Penson v. Ohio,* 488 U.S. 75, 82, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988) (quoting *McCoy v. Court of Appeals of Wis.,* 486 U.S. 429, 439, 108 S.Ct. 1895, 100 L.Ed.2d 440 (1988)), we held in *Griffy* that "appointed counsel who concludes after a conscientious review of the record that the appeal is wholly without merit . . . must 'so advise the court and request permission to withdraw.'" *Griffy,* 895 F.2d at 562 (quoting *Anders,* 386 U.S. at 744, 87 S.Ct. 1396). Defendant's counsel must also, however, "submit a brief on behalf of the indigent defendant presenting the strongest arguments in favor of[his or her] client supported by citations to the record and to applicable legal authority." *Id.* at 563. If an appellate counsel fails to comply with the requirements of *Griffy* and *Anders,* he or she has "deprived the court of the assistance of an advocate in its own review of the cold record on appeal." *Penson,* 488 U.S. at 82, 109 S.Ct. 346. If an attorney fails to give any assistance to his client, he has not provided effective assistance of counsel. *United States v. Cronic,* 466 U.S. 648, 654, 104 S.Ct. 2039, 80 L.Ed.2d 657 (1984) ("If no actual 'Assistance' 'for' the accused's 'defence' is provided, then the constitutional guarantee has been violated."). An appellate counsel who does not comply with the requirements of *Griffy* and *Anders* has failed to provide effective assistance of counsel. *See Grubbs v. Singletary,* 120 F.3d 1174, 1177 (11th Cir.

1997) (explaining that in order to meet the *Strickland* test for ineffective assistance of counsel "the defendant need only show that appellate counsel was deficient in failing to comply with *Anders* "); *Evans v. Clarke,* 868 F.2d 267, 268 (8th Cir.1989) (determining that when the "brief filed by appointed counsel on direct appeal clearly fell short of *Anders* " the *Strickland* prejudice standard need not be met).

■ In his motion to withdraw, and the supporting affidavit, Mr. Bevolden failed to set forth any grounds that arguably presented non-frivolous issues "supported by citations to the record and to applicable legal authority," as required by *Griffy,* 895 F.2d at 563. For example, Mr. Bevolden failed to point out to this court that the district court may have erred in denying Mr. Skurdal his Sixth Amendment right to represent himself at trial as required by *Faretta v. California,* 422 U.S. 806, 819–20, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975). Mr. Bevolden failed to inform this court that the district court may have erred in determining that Mr. Skurdal was not competent because he lacked the "technical legal knowledge" to represent himself. *See Godinez v. Moran,* 509 U.S. 389, 400, 113 S.Ct. 2680, 125 L.Ed.2d 321 (1993) (holding that a "defendant's 'technical legal knowledge' is 'not relevant' to the determination whether he is competent to waive his right to counsel") (quoting *Faretta* 422 U.S. at 836, 95 S.Ct. 2525).[4] Mr. Bevol-

---

4. To determine whether Mr. Skurdal had the capacity to make a knowing and intelligent waiver of his right to trial counsel, the district court asked Mr. Skurdal to respond to the following questions:

THE COURT: Are you familiar with the Federal Rules of Evidence and the Federal Rules of Criminal Procedure?
THE DEFENDANT: Why do you ask?
THE COURT: I'm using this to determine whether you are competent to represent yourself. Don't talk while I'm talking. I'm asking you now if you understand the Fed-

eral Rules of Criminal Procedure, which you will be bound by if I were to allow you to represent yourself at this trial?
THE DEFENDANT: The accused understands your law, which is not set forth in Article III, Section 2.
THE COURT: Do you understand the Federal Rules of Evidence?
THE DEFENDANT: The accused understands.
THE COURT: Do you understand that if you were to take the witness stand that it would have to be on a question and answer basis?

den's failure to file a brief that complied with *Anders* and *Griffy* denied Mr. Skurdal his Fifth Amendment right to effective counsel on appeal. Because denial of effective counsel is prejudicial per se, Mr. Skurdal has demonstrated cause and prejudice for the failure to raise the contentions on direct appeal that he presented in his § 2255 motion. *See Strickland,* 466 U.S. at 692, 104 S.Ct. 2052 (prejudice is presumed when there is an "[a]ctual or constructive denial of the assistance of counsel altogether"); *Penson,* 488 U.S. at 88–89, 109 S.Ct. 346 ("[T]he presumption of prejudice must extend as well to the denial of counsel on appeal.").

## CONCLUSION

We hold that Mr. Bevolden's failure to file a brief that complied with the procedures outlined in *Anders* and *Griffy* resulted in a denial of Mr. Skurdal's Fifth Amendment right to effective assistance of counsel on appeal. This constitutional error excuses Mr. Skurdal's procedural default in failing to present his contentions in his pro se briefs on his direct appeal. Accordingly, we REVERSE the district court's dismissal of Mr. Skurdal's § 2255 motion and we REMAND this matter to the district court with directions to consider the merits of the issues presented in that motion.

REVERSED and REMANDED.

THE DEFENDANT: The accused under Article 5 is not set forth to incriminate himself. That's the Bill of Rights.
THE COURT: In view of the case of U.S. versus Turnbull, I do not think that you are capable of representing yourself and conducting a trial under the Federal Rules of Criminal Procedure that you must.