**UNITED STATES of America,**
**Plaintiff—Appellee,**

v.

**Tanh Huu LAM, Defendant—Appellant.**

No. 03–15651.

D.C. Nos. CV–02–02330–WBS,
CR–97–00054–WBS.

United States Court of Appeals,
Ninth Circuit.

Submitted Dec. 8, 2003.*

Decided Dec. 19, 2003.

Kenneth J. Melikian, R. Steven Lapham, USSC—Office of The U.S. Attorney, Sacramento, CA, for Plaintiff–Appellee.

Tanh Huu Lam, pro se, USP Leavenworth, Leavenworth, KS, for Defendant–Appellant.

Before GOODWIN, WALLACE, and McKEOWN, Circuit Judges.

MEMORANDUM**

Federal prisoner Tanh Huu Lam appeals pro se the district court's dismissal of his 28 U.S.C. § 2255 motion to vacate his conviction and sentence for arson in violation of 18 U.S.C. § 844(i). We have

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

jurisdiction pursuant to 28 U.S.C. §§ 2253, 2255. We review a district court's dismissal of a § 2255 motion de novo, *see United States v. Valdez*, 195 F.3d 544, 546 (9th Cir.1999), and we affirm.

██ The sole issue upon which Lam was granted a certificate of appealability is whether he procedurally defaulted on his claims because he did not raise the voluntariness and intelligence of guilty plea on direct appeal. The district court properly determined that nine of Lam's ten claims relate to a deprivation of constitutional rights that occurred prior to the entry of his guilty plea, and thus are waived. *See United States v. Foreman*, 329 F.3d 1037, 1038 (9th Cir.2003); *Tollett v. Henderson*, 411 U.S. 258, 267, 93 S.Ct. 1602, 1608, 36 L.Ed.2d 235 (1973).

██ Lam's remaining claim is that his guilty plea was not voluntary and intelligent. Lam procedurally defaulted this claim by failing to raise it on direct review. *See Bousley v. United States*, 523 U.S. 614, 621, 118 S.Ct. 1604, 1610, 140 L.Ed.2d 828 (1998). A procedurally defaulted claim may be collaterally reviewed, however, if the defendant demonstrates cause for the default and actual prejudice from the claim of error. *See United States v. Skurdal*, 341 F.3d 921, 925 (9th Cir.2003).

Lam's only explanation for defaulting on his claim is that due to a conflict of interest he received ineffective assistance of counsel from the attorneys who represented him after his mistrial and prior to his plea, and on direct appeal. Ineffective assistance can be cause for a procedural default. *See Murray v. Carrier*, 477 U.S. 478, 488, 106 S.Ct. 2639, 2645, 91 L.Ed.2d 397 (1986); *Skurdal*, 341 F.3d at 925.

However, upon reviewing the record, he has not shown a conflict of interest. Thus, the reasons that Lam sets forth as to why his post-mistrial counsel were ineffective do not meet the standards of a constitutional violation. *See Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984); *Campbell v. Rice*, 302 F.3d 892, 897 (9th Cir.2002). The district court properly dismissed this claim.

AFFIRMED.[1]

---

1. We also deny Lam's motion to reconsider our order of November 19, 2003, denying his request for an expanded certificate of appealability.

