**UNITED STATES of America, Plaintiff—Appellee,**

v.

**Gustav W. SKURDAL, Defendant— Appellant.**

No. 04–35372.
D.C. No. CV–97–00002–JDS,
CR–91–000160–JDS.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Jan. 11, 2005.

Decided March 23, 2005.

C. Ed Laws, Esq., Office of the U.S. Attorney, Billings, MT, for Plaintiff–Appellee.

Michael Donahoe, Esq., Federal Defenders of Montana, Helena, MT, for Defendant–Appellant.

Before SCHROEDER, Chief Judge, GRABER, and FISHER, Circuit Judges.

MEMORANDUM *

Gustav W. Skurdal appeals from the denial of his 28 U.S.C. § 2255 motion to vacate, set aside, or correct his conviction

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

or sentence. This is the third time Skurdal's § 2255 motion has been before this Court.

The certified issue before us now is whether Skurdal is entitled to habeas relief because he was denied effective assistance of counsel on his direct appeal when his counsel withdrew and Skurdal proceeded pro se. Under our prior opinions in this case, *United States v. Skurdal,* 229 F.3d 1161, 2000 WL 727748 (9th Cir.2000) (unpublished disposition), and *United States v. Skurdal,* 341 F.3d 921 (9th Cir. 2003), the district court had jurisdiction to consider the claim. Therefore, the district court erred in dismissing the claim as untimely.

Skurdal is not entitled to habeas relief on his denial of effective assistance of counsel claim unless he can show that he was prejudiced by the denial of effective assistance of counsel. *See Strickland v. Washington,* 466 U.S. 668, 691–92, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Denial of any assistance of counsel is typically presumed to result in prejudice. *Id.* at 692, 104 S.Ct. 2052. However, our previous opinions in this case have given Skurdal the opportunity to raise all of the claims in habeas proceedings he would have raised on direct appeal. *See Skurdal,* 2000 WL 727748 at *1; *Skurdal,* 341 F.3d at 928. Therefore, we are in a position to evaluate whether Skurdal was prejudiced by his counsel's withdrawal. This depends upon a review of the merits of the claims, now brought through appointed counsel, that Skurdal would have raised on direct appeal.

Skurdal briefed his two strongest claims to us pursuant to Ninth Circuit Rule 22–1(e). We grant a certificate of appealability on both claims. *See Slack v. McDaniel,* 529 U.S. 473, 484, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000). We affirm the district court's holding that Skurdal is not entitled to habeas relief on those claims.

■ First, Skurdal argues that the district court erred when it denied him the right to represent himself at trial. Under *Faretta v. California,* 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975), a criminal defendant "has a constitutional right to proceed without counsel when he voluntarily and intelligently elects to do so." *Id.* at 807, 95 S.Ct. 2525. The district court determined that Skurdal did not voluntarily and intelligently waive his right to counsel, and the record supports its determination. The record reflects that Skurdal did not understand the nature of the crime with which he was charged and the consequences of representing himself. There was no error in providing him appointed trial counsel.

■ Second, Skurdal argues that he was prejudiced when the district court required him to be shackled during trial. Shackling, except in extreme forms, is evaluated under harmless error analysis. *Duckett v. Godinez,* 67 F.3d 734, 749 (9th Cir.1995). There is no evidence in the record supporting Skurdal's claim that the jury could see his shackles at trial. To the contrary, the record indicates that the district court took steps to ensure that the jury would not see his shackles. Therefore, we hold that any error was harmless.

AFFIRMED.