UNITED STATES OF AMERICA,
Plaintiff—Appellee,

v.

Abel VASQUEZ, Defendant—Appellant.

No. 04–56742.

United States Court of Appeals,
Ninth Circuit.

Submitted April 19, 2005.*

Decided May 11, 2005.

Michael S. Lowe, Esq., USLA—Office of the U.S. Attorney, Criminal Division, Los Angeles, CA, for Plaintiff—Appellee.

Abel Vasquez, Lompoc, CA, pro se.

Before: SKOPIL, FARRIS, and T.G. NELSON, Circuit Judges.

MEMORANDUM **

Abel Vasquez appeals pro se the district court's denial of his 28 U.S.C. § 2255 motion, claiming (1) he was improperly denied an interpreter during his trial and (2) his attorneys rendered constitutionally ineffective assistance of counsel by not requesting an interpreter. We affirm.

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

Vasquez's claim that he was entitled to an interpreter was not raised at trial or on direct appeal and is therefore procedurally defaulted. See United States v. Ratigan, 351 F.3d 957, 962 (9th Cir.2003), cert. denied, —— U.S. ——, 125 S.Ct. 173, 160 L.Ed.2d 87 (2004). Collateral review may be available, however, if Vasquez demonstrates cause excusing his procedural default and actual prejudice. See United States v. Skurdal, 341 F.3d 921, 925 (9th Cir.2003). Vasquez seeks to do so by arguing his attorneys were ineffective because they did not request an interpreter for his trial. See United States v. McMullen, 98 F.3d 1155, 1157 (9th Cir.1996) ("Establishing the elements of an ineffective assistance of counsel claim normally will meet [the] cause and prejudice test.").

Vasquez failed to show his counsel's representation was deficient. The record is replete with references to Vasquez's ability to communicate in English with his co-defendants, counsel, and the court. Moreover, Vasquez expressly waived his right to an interpreter by indicating to the district court that he did "not require a translation" or "an interpreter for court proceedings." Under these circumstances, we cannot conclude Vasquez's counsel's representation "fell below an objective standard of reasonableness." See Strickland v. Washington, 466 U.S. 668, 688, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

AFFIRMED.

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.