**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 11-50428 |
| Plaintiff - Appellee, | D.C. No. 8:03-cr-00025-AG-1 |
| v. | |
| JAMES DAVIS BENNETT, AKA James Davis Bennet, AKA James Bennett, Jr., AKA James Butler Bennett, AKA James David Bennett, AKA James Ralph Leon Bennett, AKA Jim Bennett, AKA James Brown, AKA James Butler, AKA John Butler, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Central District of California
Andrew J. Guilford, District Judge, Presiding

Argued and Submitted April 10, 2013
Pasadena, California

Before: FERNANDEZ, RAWLINSON, and BYBEE, Circuit Judges.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

James Bennett (Bennett) appeals the district court's imposition of the same 121-month sentence upon remand. *See United States v. Bennett*, 621 F.3d 1131 (9th Cir. 2010). We affirm the district court.

1.      In our mandate, we vacated the district court judgment only as to the "conviction and sentence for counts eight through ten." *Id.* at 1140. "It follows that the district court was without jurisdiction to review [Bennett's] argument[s]" regarding other matters. *United States v. Luong*, 627 F.3d 1306, 1311 (9th Cir. 2010). Accordingly, the district court did not err when it declined to rule on other issues raised in Bennett's motions to dismiss.

2.      Because the district court proceeded with sentencing even though Bennett had not reviewed the Pre-Sentence Report (PSR), and the addendum to the PSR, Federal Rule of Criminal Procedure 32 was violated. *See United States v. Soltero*, 510 F.3d 858, 863-64 (9th Cir. 2007) (per curiam), *as amended*. However, because Bennett failed to identify how his failure to review the report was prejudicial to his sentencing, the district court's violation of Rule 32 was harmless error. *See id.*; *cf. United States v. Reyes-Ceja*,___F.3d___, No. 11-50167, 2013 WL 1285986, at *1, n.5 (9th Cir. Apr. 1, 2013) (noting that the government ceded

2

error with regard to the defendant's first sentencing because the district court failed to verify that the defendant had read the PSR and discussed it with his attorney); Appellant's Opening Brief, at 17-18, United States v. Reyes-Ceja, No. 10-50196 (9th Cir. Sept. 7, 2010), ECF No. 7 (articulating facts in the PSR that would have been challenged).

3.      Bennett did not establish that his counsel's performance at sentencing was deficient, or that any alleged deficiency resulted in prejudice. *See United States v. Labrada-Bustamante*, 428 F.3d 1252, 1261 (9th Cir. 2005). The district court allowed Bennett's counsel to assert arguments on Bennett's behalf and acknowledged the same. The record does not indicate a reasonable probability of a different outcome but for Bennett's counsel's performance. *See id.*

4.      As evidenced by his complaints regarding counsel's performance, Bennett was not required to represent himself. *See United States v. Skurdal*, 341 F.3d 921, 927-28 (9th Cir. 2003) (describing deprivation of counsel as "denial of the assistance of counsel altogether") (citation omitted).

**5.** Bennett's claim that the district court violated Federal Rule of Criminal Procedure 32(i)(3)(B) fails. Rule 32(i)(3)(B) required the district court to rule on, or explain why it did not need to rule on, controverted matters prior to Bennett's resentencing, but we have held that "'controverted matter' extends only to objections to the presentence report that make a difference in the formulation of an appropriate sentence," and that "Rule 32 d[oes] not *require* the district court to expressly address those assertions that were not factual objections to the presentence report . . . " *United States v. Petri*, ___F.3d___, No. 11-30337, 2013 WL 1490604, at *3, *7 (9th Cir. Apr. 12, 2013), *as amended* (emphasis in the original). The "controverted matters" contemplated by Bennett's claim are not factual objections to the PSR, so there was no Rule 32(i)(3)(B) violation.

**AFFIRMED.**

4